# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:00-CR-00199-GCM

| | |
|---|---|
| UNITED STATES,<br><br>   Plaintiff,<br><br>v.<br><br>JOHN BRANDON GARY,<br><br>   Defendant. | **ORDER** |

**THIS MATTER** comes before the Court upon Defendant John Gary's counseled Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF Doc. 82). The Government filed its Response Opposing Motion for Compassionate Release (ECF Doc. 85), and Defendant filed his Reply (ECF Doc. 86). Now being fully briefed, this Motion is ripe for consideration. For the reasons indicated herein, the Court finds that the Motion should be granted in part and denied in part.

   I.   **BACKGROUND**

In brief, Defendant committed armed robbery of five banks in the Charlotte, North Carolina area between August 1999 and June 2000. In relevant part, Defendant was convicted of five counts of armed bank robbery, pursuant to 18 U.S.C. § 2113(d), and five counts of use, carry and brandishing of a firearm during and in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1). No individual was injured during any of the armed robberies. Defendant was eighteen years old when he committed the bank robberies and had a minimal criminal record.

Defendant was sentenced to eighty-seven months to run concurrently with each other on the five counts of bank robbery, seven years for the first firearm offense, to run consecutively with

the bank robbery counts, and twenty-five years for each of the other firearm offenses, to run consecutively with each other and the other counts. Defendant is currently serving an aggregate sentence of 1,371 months in prison. While imprisoned, Defendant has incurred numerous disciplinary infractions but has also participated in numerous educational or work programs.

Defendant now files this Motion, seeking a sentence reduction to time served pursuant to the First Step Act because Defendant was previously subject to the mandatory "stacking" of twenty-five-year sentences for subsequent Section 924(c) offenses, even though all his firearm offenses occurred during the same case. The Government opposes this Motion, arguing that the nature of Defendant's offenses warrants against the Court exercising its discretion to reduce Defendant's sentence. Further, the Government argues that, even if the Court reduces Defendant's sentence, it should only reduce the sentence to 507 months—not to time served. Any additional relevant facts are set forth in the discussion below.

## II. DISCUSSION

For purposes of this Motion, the First Step Act made two relevant changes to sentencing. First, prior to the First Step Act, sentences under Section 924(c) were "stacked" such that there was a five- to ten-year mandatory minimum for the first offense and a twenty-five-year sentence was imposed for subsequent convictions. *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020). After the First Step Act, the twenty-five-year sentence for subsequent violations was clarified to apply only when a prior Section 924(c) conviction arises from a separate case and has already become final. *Id.* But that change was not made retroactive for sentences such as Defendant's, which were imposed before the First Step Act became law. *Id.* Second, the First Step Act changed the compassionate release statute so that a court could reduce a defendant's sentence for "extraordinary and compelling reasons" upon a defendant's motion, rather than only

upon motion from the Bureau of Prisons. *See id.*[1] These changes are relevant to the present Motion because, although the amendment to "stacking" was not made retroactive, Defendant has filed this Motion, arguing that the Court should use its discretion to find that extraordinary and compelling reasons warrant compassionate release.

Under Section 3582(c)(1)(A), a district court may reduce a sentence if: (1) the reduction is warranted by "extraordinary and compelling reasons"; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the Section 3553(a) sentencing factors merit a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *McCoy*, 981 F.3d at 280. The Fourth Circuit has recently found that there is no controlling policy statement from the Sentencing Commission where a defendant files a motion for compassionate release because the Sentencing Commission has not issued a policy statement since prior to the First Step Act becoming law. *Id.* at 284. The Fourth Circuit has also found that district courts have permissibly treated the severity of Section 924(c) sentences, and the corresponding disparity between pre-First Step Act Section 924(c) sentences and post-First Step Act Section 924(c) sentences, as "extraordinary and compelling reasons" to reduce a sentence under Section 3582(c)(1)(A). *Id.* at 286. This is not to say that "'*all* defendants convicted under § 924(c) should receive new sentences,' but that the courts should be empowered to 'relieve *some* defendants of those sentences on a case-by-case basis.'" *Id.* at 287 (quoting *United States v. Bryant*, No. 95-202-CCB-3, 2020 WL 2085471, at *5 (D. Md. Apr. 30, 2020)).

In turning to Defendant's case, Defendant's sentence was stacked pursuant to the prior sentencing scheme and, consequently, he received 1,284 months for his Section 924(c) offenses

---

[1] This change still requires that a defendant has either exhausted his administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or has waited thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. Here, there is no dispute that Defendant properly exhausted his administrative remedies.

and a total aggregate sentence of 1,371 months. If sentenced today, Defendant would have likely received seven years in prison for each of his firearm offenses, to run consecutively, for a total of 420 months. These sentences would have run consecutively with his eighty-seven concurrent months for the bank robbery offenses, for a total aggregate sentence of 507 months in prison.

Defendant requests that the Court reduce his sentence to time served, which would reduce the sentence to approximately 258 months.[2] This request is significantly lower than the number of months that Defendant likely would have received if sentenced today. While the Court finds that extraordinary and compelling reasons warrant reducing Defendant's sentence, the Court does not find it should reduce Defendant's sentence to the extent requested by Defendant. Rather, the Court will reduce Defendant's Section 924(c) offense sentences on Counts 6, 9, 12, and 15 to seven years each, to run consecutively with each other and with Counts 2, 3, 5, 8, 11 and 14.

The Section 3553(a) factors, which the Court is required to consider in motions such as Defendant's, support this conclusion. It is indeed true that Defendant was just eighteen years old when he committed the subject bank robberies, he had a minimal criminal history, he has participated in numerous educational and work programs while in prison, he has a supportive family, and he has a clear release plan. These facts favor a sentence reduction. Additionally, the need to avoid sentencing disparity with other similarly situated defendants, who were not subject to the harsh mandatory "stacking" that was imposed for Section 924(c) offenses prior to the First Step Act, also favors a sentence reduction. Yet, it is also true that Defendant is imprisoned for very serious offenses, including five armed bank robberies. Moreover, Defendant's post-sentencing conduct shows that he is far from having an exemplary prison record. These facts indicate that a sentence reduction to time served is not sufficient to reflect the seriousness of the

---

[2] This is the amount of time Defendant is credited with having served as of May 2021.

offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes. Further, a sentence reduction to time served would fall significantly below the number of months Defendant would likely serve if sentenced today. Therefore, after considering the relevant Section 3553(a) factors and the other applicable law, the Court concludes that a sentence reduction is warranted, but that Defendant's sentence should only be reduced to the aggregate term of 507 months as set forth above.

### III. ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED IN PART AND DENIED IN PART** as indicated herein.

**IT IS FURTHER ORDERED** that Defendant's terms of imprisonment on Counts 6, 9, 12, and 15 are reduced to seven years to run consecutively with each other and with Counts 2, 3, 5, 8, 11, and 14, to be followed by the standard conditions of supervised release which are set forth in Defendant's initial judgment.

**SO ORDERED**.

Signed: July 12, 2021

Graham C. Mullen
United States District Judge